**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARLINE YOLANDA CROMEARTIE,     ) | |
|                                     ) | |
|        Plaintiff,                  ) | |
|                                     ) | |
|        v.                              ) | Civil Action No. 14-1969 (RC) |
|                                     ) | |
| RCM OF WASHINGTON, INC.,      ) | |
|                                     ) | |
|        Defendant.                ) | |

**MEMORANDUM OPINION**

       Defendant RCM of Washington, Inc., removed this action from the Superior Court of the District of Columbia after plaintiff, proceeding *pro se*, filed an amended complaint mentioning Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. *See* Def.'s Not. of Removal ¶ 4, ECF No. 1; Pl.'s Am. Compl., ECF No. 4 at pp. 16-24. Pending before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, ECF No. 5. In addition to opposing the motion, plaintiff moves for the appointment of counsel, ECF No. 9, and for leave "to file amended document pages 19, 20, 21 & 22 of the proposed order granting plaintiff's motion to deny defendant's motion to dismiss[,]" ECF No. 10. The latter unopposed motion seeks only to correct the cited pages by adding plaintiff's signature and, thus, will be granted without further discussion.

       For the reasons explained below, the Court will grant defendant's motion to dismiss as to the federal claims and, declining to exercise supplemental jurisdiction, will remand the

remaining state and common law claims to Superior Court.[1] *See Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.") Consequently, plaintiff's motion for counsel will be denied as moot and plaintiff may re-submit that motion upon remand in the Superior Court.

## I. BACKGROUND

In the amended complaint, plaintiff alleges that defendant terminated her "due to allegations related to them by Michael Lewis, a person who had no affiliation with RCM." Am. Compl. at 2.[2] Plaintiff alleges that RCM employees involved themselves in the personal relationship between her and Lewis whom plaintiff accuses of engaging in domestic violence. *Id*. Plaintiff attributes her termination "to domestic violence in, at and around the workplace" and faults RCM staff for permitting Lewis to enter the worksite despite knowing about "the domestic violence that was taking place[.]" *Id*. Plaintiff alleges that she "attempted to keep the establishment free from harm and danger, but employees of RCM . . . saw fit to allow [ ] Lewis inside of the building, which is against policy." *Id*.

Plaintiff invokes D.C. Code § 51-131, which prohibits the denial of unemployment compensation to an "otherwise eligible individual . . . because the individual was separated from employment by discharge or voluntary or involuntary resignation due to domestic violence against the individual or any member of the individual's immediate family[.]" *Id*. § 51-131(a).

---

[1]  In addition to the motion papers, the Court has considered plaintiff's surreplies, ECF Nos. 12, 16, and defendant's response to plaintiff's surreply, ECF No. 13-1.

[2]  Plaintiff's prolix amended complaint does not follow the pleading format set out in Rule 8(d) of the Federal Rules of Civil Procedure and is difficult to follow. The Court has "construed [the pleading liberally] so as to do justice." Rule 8(e).

Plaintiff claims that "[t]his case presents a question of first impression in both the District of Columbia and across the country: when does an employee's firing for allowing an abusive partner to enter the worksite constitute a separation from employment 'due to domestic violence' subject to unemployment compensation?" Am. Compl. at 2.

Plaintiff claims that "RCM owed [her] a duty of care to be safe from harm, especially on the job" and "liken[s]" RCM's alleged behavior "to criminal negligence." Id. at 3. She alleges that "after opening up and admitting to her superiors that she was being harassed and threatened by Mr. Lewis, they failed to take her serious[ly] and instead of adhering to the TPO [temporary protection order] issued by the D.C. Superior Court, they continued to talk with [ ] Lewis." Id.; see also Pl.'s Surreply, ECF No. 12, at 4 ("There was a valid temporary protection order in place [that] was supposed to have been posted at the front desk which would have prevented Mr. Lewis from gaining access to the building.")

Plaintiff also purports to "bring[ ] a hostile work environment claim pursuant to Title VII," Am. Comp. at 4, and a claim under the D.C. Human Rights Act as "a member of a protected class, which is a domestic violence survivor." Id. at 4-5. In a section captioned "Plaintiff's Claim of Mental Anguish," plaintiff alleges that she "was diagnosed with mental illness due to the domestic violence that she incurred at the hands of [ ] Lewis[,]" and claims intentional infliction of emotional distress for the "outrageous" conduct of RCM's employees in allowing Lewis access to the workplace with knowledge that he had harmed plaintiff and that "there was a TPO active in the file." Id. at 6.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds

upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010).  Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.

### III.  DISCUSSION

1.  The Federal Claims

Title VII prohibits private employers from discriminating with respect to the terms and conditions of employment on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  Plaintiff mentions Title VII and recites principles from Title VII cases.  *See* Am. Compl. at 4.  What is missing is any factual allegation that her termination was based on at least one of the foregoing protected classifications.  On the contrary, plaintiff attributes her termination to the perils of domestic abuse.  She seeks redress primarily under District of Columbia law and contends that at least one of her claims requires interpretation of a District of Columbia statute.  Consequently, the Court finds that plaintiff has not stated a claim under Title VII or, for that matter, a claim under 42 U.S.C. § 1981 since that statute proscribes discrimination based solely on race.  *See Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014), quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) ("Section 1981 protects 'the equal right of [a]ll persons within the jurisdiction of the United States to make and enforce contracts without respect to race.' ") (other internal quotation marks omitted); *Amiri v. Securitas Sec. Servs. USA, Inc.*, 35 F. Supp. 3d 41, 47 (D.D.C. 2014), *aff'd,*, No. 14-7043, ___ Fed. Appx. ___, 2015 WL 4067317 (D.C. Cir. June 5, 2015) (per curiam) (To establish a section 1981 claim, a plaintiff must allege facts showing that "(1) [s]he is a member of a racial minority group; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination pertained to one of the activities enumerated in the statute.").[3]  Hence the federal claims are

---

[3]  The Court need not address defendant's argument for dismissal of the Title VII claim based on plaintiff's failure to exhaust administrative remedies but finds it valid nonetheless.  *See* Def.'s Supp'g Mem. at 8-9, ECF No. 5-1.  "The Title VII statutory scheme requires a plaintiff to exhaust her administrative remedies before filing a civil action in federal court."  *Cornish v. D.C.*, 67 F. Supp. 3d 345, 356-57 (D.D.C. 2014) (citation omitted); *accord Carty v. District of Columbia*, 699

dismissed under Rule 12(b)(6) for failure to state a claim.

2.  Supplemental Jurisdiction

This Court may exercise supplemental jurisdiction over nonfederal claims "that are so related to [the federal claims] that they form part of the same case or controversy[,]" 28 U.S.C. § 1367(a).  When, as here, the federal claims "are dismissed before trial," it is preferable for the Court to decline to exercise supplemental jurisdiction.  *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423-24 (D.C. Cir. 2005); *see id*. ("[T]he balance of factors to be considered . . . judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims) (citation omitted).  Moreover, the Court may decline to exercise supplemental jurisdiction over a claim that "raises a novel or complex issue of State law" or "substantially predominates over the . . . claims over which the district court has original jurisdiction[.]"  28 U.S.C. § 1367(c).  The Court finds that plaintiff's claims under District of Columbia law overshadow the factually void federal claims, and her claim premised on domestic

---

F. Supp. 2d 1, 2 (D.D.C. 2010), *aff'd per curiam*, No. 10–7081, 2010 WL 4340405 (D.C. Cir. Oct. 21, 2010).  And "[a] . . . lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " *Park v. Howard Univ*., 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. & S. Life Ins. Co*., 31 F.3d 497, 500 (7th Cir.1994)).  Plaintiff admits that she did not "file administratively because there was a pending case in Superior Court regarding the unemployment benefits that Plaintiff felt that she was due."  Pl.'s Opp'n at 13, ECF No. 8.  But that reason alone would not excuse plaintiff from Title VII's exhaustion requirement, which is subject to waiver, estoppel, or equitable tolling in exceptional circumstances.  *See Dahlman v. Am. Ass'n of Retired Persons (AARP)*, 791 F. Supp. 2d 68, 77 (D.D.C. 2011), quoting *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 579 (D. C. Cir. 1998) ("Equitable tolling of [Title VII's] procedural requirements are to be applied sparingly and the 'hurdle is high' for those seeking relief.") (other citation omitted); *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 61 (D.D.C. 2002) ("To excuse filing obligations on equitable grounds" requires "something more than mere participation in settlement negotiations[.]"); *see also id*. at 60 ("[T]o successfully assert equitable estoppel, [plaintiff] must demonstrate that [s]he was diligent and must point to 'active steps' the defendant took to prevent the plaintiff from making a timely [administrative] filing.") (quoting *Currier v. Radio Free Europe/Radio Liberty, Inc*., 159 F.3d 1363, 1367 (D.C. Cir. 1998)) (other citation omitted).
.

violence is indeed novel, complex, and best left for the D.C. courts.  *See Cannon v. D.C.*, 10 F. Supp. 3d 30, 40 (D.D.C. 2014), *aff'd*, 783 F.3d 327 (D.C. Cir. 2015) ("Questions of statutory interpretation involving local statutes are best resolved in the first instance by the local courts.") (citing *Barnes v. District of Columbia*, 611 F. Supp. 130, 136 (D.D.C. 1985)).  Accordingly, the Court declines to exercise supplemental jurisdiction over the nonfederal claims.

## CONCLUSION

For the foregoing reasons, the federal claims are dismissed and the nonfederal claims are remanded to Superior Court.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
RUDOLPH CONTRERAS
Date:  August 5, 2015                                   United States District Judge